*Per cur.* There can be no possible difficulty. The case is at least as strong as that of British subjects, where a discharge by the bankrupt laws of England will protect the person of the bankrupt in this state.

Let the exoneretur be entered.

---

## ANONYMOUS.

Plaintiff in a foreign attachment may execute a writ of inquiry, returnable on the second return day of the term.

ON motion of Mr. Hallowel, ruled by the court that on a foreign attachment, the plaintiff having obtained judgment, may execute a writ of inquiry of damages, returnable on the second return day of the term.

---

## WILLIAM RALSTON *against* JAMES CUMMINS.

No new trial where justice has been done, on a technical exception to the form of action.

MOTION for a new trial. The cause had been tried at the sittings on the 14th March last, and the plaintiff had recovered 521*l.* 8*s.* 9*d.* damages on the following facts:

On the 20th May 1779, the defendant and his wife conveyed by deed to the plaintiff a tract of 60 acres of land, part of a larger tract of 300 acres, situate in Cecil county, in Maryland, in consideration of 9000*l.* with covenant of general warranty.

This deed was acknowledged on the 4th July following, before M'Kean, C. J., but the same was irregular. as the law of that state of November 1766, cap. 14, § 4, directs that the deeds of non-residents for lands there, shall be acknowledged before a judge of the general court, or two justices.

On the 14th October 1783, the defendant conveyed to Hugh Fulton the same lands, in consideration of 350*l.* by another deed, with covenants that he was seized of a good title, and would warrant the same against all claims; and in case the now plaintiff should institute a suit therefor, that he would pay all expenses and costs.

This last deed was regularly acknowledged before two justices in Maryland, as the law requires.

The plaintiff commenced his ejectment in Maryland, against Fulton, which came on to trial on the 12th October 1789, when a verdict passed against him for the 60 acres, and judgment was thereupon rendered for the defendant. He afterwards brought the present suit in *indebitatus assumpsit*, to recover damages for the money he had thus been defrauded of.